## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Michael Mincey, | ) | Case No. 1:18-cr-194 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion filed on July 29, 2022, requesting the Court give him credit against his term of supervised release for time overserved while in Bureau of Prisons ("BOP") custody. See Doc. No. 46. The Government filed a response in opposition to the motion on August 17, 2021. See Doc. No. 49. For the reasons set forth below, the motion is granted.

On November 4, 2019, Mincey was sentenced to 52 months of imprisonment, with credit for time served, and three years of supervised release. See Doc. No. 38. He was released from BOP custody on June 3, 2022, and is now on supervised release in Fargo, North Dakota, and being supervised by the United States Office of Probation and Pretrial Services for the District of North Dakota. Mincey asks that his unused First Step Act ("FSA") time credits be applied to his term of supervised release. Mincey contends he has 505 days of unused FSA time credits that were not applied to his time in custody. Mincey filed his motion pursuant to 18 U.S.C. § 3632(d)(4)(C). The Government does not address the merits of Mincey's motion but rather contends the Court lacks jurisdiction. The Government maintains the issue should be addressed administratively by the BOP or by a habeas petition under 28 U.S.C. § 2241.

In support of his motion, Mincey filed his BOP sentence computation record. See Doc. No.

47.  This record shows a FSA release date of July 23, 2021.  Mincey was not released until June 3,

2022.  Based on this record, which the Government does not dispute, it appears Mincey was released

approximately ten months later than he should have been and a substantial amount of FSA time

credits went unused.  The record appears to show Mincey earned at least 365 days of FSA time

credits although Mincey contends he is due 505 days.

The First Step Act provides that eligible inmates who successfully participate in certain

evidence-based recidivism reduction programs or other productive activities shall earn time credits

which are to be applied to their prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(C);

Cook v. Hemingway, No. 21-CV-11711, 2022 WL 3568571, at *2 (E.D. Mich. Aug. 18, 2022).  The

credits accrue at a rate of 10 days for every 30 days of successful participation.  Id.

Section 3632(d)(4)(C) of the First Step Act provides as follows:

Application of time credits toward prerelease custody or supervised release.--Time
credits earned under this paragraph by prisoners who successfully participate in
recidivism reduction programs or productive activities shall be applied toward time
in prerelease custody or supervised release.  The Director of the Bureau of Prisons
shall transfer eligible prisoners, as determined under section 3624(g), into prerelease
custody or supervised release.

18 U.S.C. § 3632 (emphasis added).

The Government frames the issue as one of sentence computation.  Sentence computation

is generally the responsibility of the Attorney General through the BOP as contemplated by 18

U.S.C. § 3585.  Disputes are resolved via administrative review pursuant 28 C.F.R. § 542.10-542.16

and ultimately a habeas petition pursuant to 28 U.S.C. § 2241.  United States v. Tindall, 455 F.3d

885, 888 (8th Cir. 2006).  However, the current motion was filed after Mincey had been released

from BOP custody.  The questions is no longer a matter of sentence computation by the BOP but

rather involves the administration of the term of supervised release ordered by the Court and

overseen by the United States Office of Probation and Pretrial Services. See 18 U.S.C. §§ 3603(4) and 3624(e). The district court appoints probation officers and they serve under the direction of the district court. See 18 U.S.C. § 3602. The BOP is not involved in the administration of supervised release. However, the Court finds this to be unnecessary as the Court regularly entertains motions from defendants in relation to the terms, conditions, and length of their supervised release, including for early termination of supervised release. See 18 U.S.C. § 3583(e)(1). It is clear the Court has jurisdiction under 18 U.S.C. §§ 3583 and 3632.

While the instant motion is not styled as one made pursuant 28 U.S.C. § 2241, the Court could treat the motion as such. Were the Court to treat the motion as a habeas petition under Section 2241, the District of North Dakota is the proper district in which to seek such relief. This is because Mincy is not in the custody of the BOP and the United States Probation Office is Mincey's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (noting habeas petitions are to be addressed to the person having custody of the person detained); United States v. Dohrmann, 36 F. App'x 879, 881 (9th Cir. 2002) (noting the relevant custodian for purposes of a Section 2241 petition filed while on supervised release is the supervised release administrator).

The Court concludes there are no longer any administrative remedies to pursue since Mincey is not in BOP custody. Since the BOP cannot provide the relief he seeks, any attempt to exhaust administrative remedies would be an exercise in futility. Lueth v. Beach, 498 F.3d 795, 797 (8th Cir. 2007) (noting the exhaustion prerequisite for filing a Section 2241 petition is judicially created and not jurisdictional); Tensley v. Outlaw, No. 2:10-CV-00014, 2010 WL 2671782, at *2 (E.D. Ark. July 2, 2010) (noting exhaustion is not required if it would be futile; Stiger v. Haynes, No. 2:13-CV-00025, 2013 WL 3965425, at *2 (E.D. Ark. July 31, 2013) (finding exhaustion would be futile since

the petitioner's release date was imminent).

There is no dispute Mincey has a substantial amount of unused FSA time credits as shown by the BOP sentence computation report, although the precise number of days is unclear.  The BOP sentence computation report shows Mincey should have been released on July 23, 2021, and he was not released until June 3, 2022.  See Doc. No. 47.  Thus, the question is whether the unused FSA time credits should be credited toward his supervised release obligation pursuant to 18 U.S.C. § 3632(d)(4)(C).

The only case on point interpreting or applying 18 U.S.C. § 3632(d)(4)(C) supports Mincey's contention that his unused FSA time credits should be applied to his term of supervised release.  Dyer v. Fulgam, No. 1:21-CV-299, 2022 WL 1598249, at *3 (E.D. Tenn. May 20, 2022) (concluding Section 3632(d)(4)(C) requires FSA time credits be applied to a term of supervised release).  The statute expressly states FSA time credits "shall be applied toward time in prerelease custody or supervised release."  18 U.S.C. § 3632(d)(4)(C).  Based upon Dyer, which the Court finds persuasive, and the plain language of statute, the Court concludes Mincey is entitled to have all unused FSA time credits applied to his term of supervised release.  Mincey was released from BOP custody on June 3, 2022.  The FSA time credits he earned were not applied to his time in prerelease custody.  Thus, the statute requires the FSA time credits to be applied to his term of supervised release.  18 U.S.C. § 3632(d)(4)(C).

Accordingly, Mincey's motion (Doc. No. 46) is **GRANTED**.  The United States Office of Probation and Pretrial Services for the District of North Dakota is directed to ascertain the precise number of unused FSA time credits Mincey is due and give him full credit toward his three-year term of supervised release for all unused FSA time credits.

**IT IS SO ORDERED**.

Dated this 4th day of October, 2022.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court